IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION, AT JACKSON

**FILED BY**
JUL 1 2 2005
Thomas M. Gould, Clerk
U. S. District Court
W. D. OF TN, Jackson

| | |
|---|---|
| NEIL MORRIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 1:04-1200 |
| v. ) | |
| ) | |
| SAM'S CLUB and ) | JURY DEMAND |
| TRAVIS MALONE, ) | |
| ) | |
| ) | |
| Defendants. ) | |

## AGREED PROTECTIVE ORDER

Upon agreement of the parties, by and through counsel, it is hereby ORDERED that the following restrictions and procedures shall apply to the documents, testimony, interrogatory answers, and other information produced or given that are designated herein by the Defendant, Wal-Mart Stores, Inc. (hereinafter "Wal-Mart") as confidential (hereinafter "CONFIDENTIAL MATERIALS"):

1. Wal-Mart has designated the following documents, materials, or other information to be produced or disclosed to counsel for the Plaintiff during discovery as "Confidential Materials:"

> Wal-Mart / Sam's Club policies regarding leave of absence
>
> Wal-Mart / Sam's Club Leave of Absence Packet
>
> Wal-Mart / Sam's Club policies prohibiting harassment and inappropriate conduct
>
> Wal-Mart / Sam's Club Computer Based Learning training modules
>
> Wal-Mart / Sam's Club policies regarding the investigation of complaints of sexual harassment

1073346.2

This document entered on the docket sheet in compliance with Rule 58 and/or 79 (a) FRCP on 7/12/05



>  Wal-Mart / Sam's Club Illness Protection Plan policy
>
>  Payroll Information relating to individuals employed by Sam's Club
>
>  Personnel Files and employment information relating to individuals employed by Sam's Club

Wal-Mart has watermarked on the face of the document the word "Confidential Produced Pursuant to Protective Order" which designation shall make such items CONFIDENTIAL MATERIALS. All copies, prints or other reproductions, summaries, notes, synopses or any other memoralization of CONFIDENTIAL MATERIALS, or the information contained therein, shall be deemed CONFIDENTIAL MATERIALS subject to this Protective Order.

2. CONFIDENTIAL MATERIALS produced or disclosed to counsel for the Plaintiff in this action (which term shall include all attorney and non-attorney personnel, all of whom are subject to the terms of this Protective Order) shall not be disclosed to any person or entity except experts or consultants retained by counsel for the Plaintiff, other witnesses in this cause, the court and jury.

Disclosure shall be made only to such persons as are reasonably necessary for the prosecution of this lawsuit. CONFIDENTIAL MATERIALS, which are set forth, or otherwise referenced in transcripts, affidavits, exhibits, briefs, memoranda, discovery responses, or other documents or pleadings in this matter shall likewise be deemed CONFIDENTIAL MATERIALS subject to this Protective Order.

3. This Protective Order shall not preclude the parties from exercising any rights or raising any objections otherwise available to them under the rules of discovery and evidence, not inconsistent with the terms hereof.

4. Upon termination of this lawsuit, by judgment or settlement, counsel for the Plaintiff shall promptly return to counsel for Wal-Mart all CONFIDENTIAL MATERIALS,

including all designated materials of the type described in paragraph 1 of this Protective Order, in the possession of counsel, counsel's retained consultants and experts, or any other person to whom such documents or information were disseminated.

5. Use of any CONFIDENTIAL MATERIALS in discovery, at trial or in any other manner shall not alter the obligations set forth in this Protective Order with respect to such CONFIDENTIAL MATERIALS. CONFIDENTIAL MATERIALS, which comprise any portion of the trial or appellate record in this case shall remain confidential.

This Court shall retain jurisdiction over this Protective Order for purposes of enforcement and adjudication of claims concerning alleged breaches of its provisions. Such jurisdiction shall survive the termination of this lawsuit.

It is so ordered this 11th day of July, 2005.

James D. Todd
UNITED STATES DISTRICT JUDGE

CONSENTED TO AND APPROVED FOR ENTRY:

ATTORNEYS FOR PLAINTIFF:

_____
Richard D. Bennett
J. Christopher Davis
1155 Halle Park Circle
Collierville, TN 38017
(901) 854-0777


ATTORNEYS FOR DEFENDANTS:

_____
Brian A. Lapps, Jr., TN Bar No. 016185
WALLER LANSDEN DORTCH & DAVIS, PLLC
511 Union Street, Suite 2700
Nashville, Tennessee 37219-8966
(615) 244-6380

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 23 in case 1:04-CV-01200 was distributed by fax, mail, or direct printing on July 12, 2005 to the parties listed.

---

Keta J. Barnes
WALLER LANSDEN DORTCH & DAVIS
511 Union St.
Ste. 2700
Nashville, TN 37219--896

Richard D. Bennett
MAIDEN & BENNETT
1155 Halle Park Cr.
Collierville, TN 38017

Brian A. Lapps
WALLER LANSDEN DORTCH & DAVIS
511 Union St.
Ste. 2700
Nashville, TN 37219--896

Honorable James Todd
US DISTRICT COURT